IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEREMY JOHN BRAULICK,<br><br>Plaintiff,<br><br>vs.<br><br>CORECIVIC (F/K/A CORRECTIONS CORPORATION OF AMERICA) and NURSE DIDIER,[1]<br><br>Defendants. | CV-17-00122-JTJ<br><br>ORDER |

Plaintiff Jeremy Braulick, a prisoner proceeding without counsel, has filed an "Order to Show Cause for an Examination by an Outside Specialist" (Doc. 24), a "Motion to Clarify what He's Suppose to Do" (Doc. 25), a "Motion to Object to Order Denying Plaintiff Appointment of Counsel" (Doc. 28), a "Motion to Request an Extension of Time" (Doc. 29), and a Motion for Leave to File an Amended Complaint (Doc. 30).

## I. Examination by Outside Specialist

In his document entitled an "Order to Show Cause for an Examination by an

---

[1]Mr. Braulick's motion for leave to file an amended complaint (Doc. 30) will be granted and the case style has been amended to reflect the change in the name of Corrections Corporation of America to CoreCivic and to reflect the dismissal of the remaining defendants aside from CoreCivic and Nurse Didier per this Court's July 27, 2018 Order (Doc. 19).

1

Outside Specialist" (Doc. 24), Mr. Braulick asks that he be allowed to be examined by an outside doctor/specialist Rule 35 of the Federal Rules of Civil Procedure. Mr. Braulick seeks an examination by an outside specialist as it pertains to Count IV of his Complaint which alleged that Defendant CCA and its medical staff failed to give Mr. Braulick his thyroid medications on three occasions in 2014 in violation of his Eighth Amendment rights. The Court required CoreCivic f/k/a Corrections Corporation of America to respond to this *Monell* claim.

Rule 35 provides, "[t]he court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). The Court need not order Mr. Braulick to submit to an examination as he appears fully willing to submit to such an examination. In addition, it has been held that "Rule 35 does not allow for a physical examination of oneself. . . ." *Berg v. Prison Health Services*, 376 Fed.Appx. 723, 724 (9th Cir. 2010); *see also Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) (stating that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a

physical examination at the request of an opposing party."). Finally, Mr. Braulick has not demonstrated the ability to pay for the costs of an independent medical examination. *See Patton v. Hollingsworth*, 2015 WL 1877426, at *1 (D. Nev. April 22, 2015) ("Rule 35 does not authorize [pro se prisoner plaintiff] to seek his own free examination to obtain evidence to prosecute his case.").

Rather the Court construes Mr. Braulick's motion as a request made pursuant to Rule 706 of the Federal Rules of Evidence for the appointment of an expert doctor to exam Mr. Braulick. Construed as such, Mr. Braulick's motion will be denied. An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed.R.Evid. 702. The district court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in relevant part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed. . . ." Fed.R.Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702.

Mr. Braulick is a prisoner representing himself in this Eighth Amendment

denial of medical care claim. Although he is proceeding in forma pauperis, the in forma pauperis statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Rule 706 contemplates the appointment of an expert to aid the court, not to assist one of the parties. *See Trimble v. City of Phoenix Police Dep't*, 2006 WL 778697 (D.Ariz. 2006) (citation omitted) ("Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.").

Courts do not commonly appoint an expert pursuant to Rule 706 and usually do so only in "exceptional cases in which the ordinary adversary process does not suffice" or when a case presents compelling circumstances warranting appointment of an expert. *In re Joint E. & S. Dists. Asbestos Litigation*, 830 F.Supp. 686, 693 (E.D.N.Y. 1993); *Carranza v. Fraas*, 471 F.Supp.2d 8, 9 (D.D.C. 2007). Mr. Braulick made no showing that the evidence or claims here are so complex that the appointment of a court expert is necessary or that this case presents compelling circumstances warranting the appointment of experts. *See Carranza*, 471 F.Supp.2d at 10; *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997) (trier of fact's determination of deliberate indifference not so complicated that an expert was required to establish pro se inmate's case). The decision

4

whether or not to admit expert testimony does not rest upon the existence or strength of the expert's opinion but rather, whether the expert testimony will assist the trier of fact in drawing its own conclusion as to a fact in issue. *United States v. Rahm*, 993 F.2d 1405, 1412 (9th Cir. 1993).

The court finds that the issues regarding the medical care Mr. Braulick may not have received are not so complex as to require expert testimony to assist the trier of fact. The Court fails to see the value of an examination by an outside specialist based upon three alleged denials of medications in 2014. Further, Mr. Braulick states he needs to be examined by an outside endocrinologist to help him determine if he is currently getting enough of his thyroid medication. As Defendants point out, Mr. Braulick is not longer in Defendants' custody and his current medical treatment is not at issue in this lawsuit. As such, Mr. Braulick failed to establish good cause for an independent medical examination pursuant to Rule 35.

Lastly, in a civil rights action such as this, Rule 706(b) contemplates that the expert would be paid by the parties, but here defendants would have to bear the entire cost because Mr. Braulick is indigent. There is no showing that it is appropriate or fair to require the defendants to bear the sole burden of paying an expert witness to present plaintiff's point of view.

The motion for an examination by an outside specialist will be denied. The Court sees no need for a reply brief to be filed on this issue and therefore Mr. Braulick's motion to request an extension of time to file a reply to Defendants' response will be denied. The court's decision not to provide funds for or appoint an expert witness in no way precludes Mr. Braulick from hiring and paying his own expert witness.

## II. Motion for Clarification

In his second motion, Mr. Braulick seeks clarification of a number of issues. That motion will be granted. Mr. Braulick first seeks clarification regarding the Court's Scheduling Order requirement to file a disclosure statement and provide initial disclosure documents to Defendants. (Doc. 17.) He contends he is exempt from Rule 26(a)(1)(B)(iii). Although Rule 26 of the Federal Rules of Civil Procedure exempts from initial disclosures proceedings brought without an attorney or by a person in custody, that does not prohibit the Court from exercising its discretion to require disclosures by the parties. Mr. Braulick must comply with the Court's Scheduling Order. A failure to do so will result in a recommendation that this matter be dismissed for failure to comply with a Court order.

Next, Mr. Braulick seeks clarification regarding whether he must include in his disclosures additional copies of documents attached to the Complaint. In

6

compliance with the Court's Paragraph B(A) of the July 27, 2018 Scheduling Order, Mr. Braulick must produce to all responsive documents to Defendants which have not already been produced to Defendants. That is, he is not required to produce to Defendants those documents attached to his Complaint.

Finally, Mr. Braulick seeks clarification regarding filing discovery. Mr. Braulick shall not file discovery requests with the Court. His discovery requests should only be served upon Defendants. He must retain a copy of those requests, however, in case he needs to file a motion to compel the information requested in his discovery requests.

## III. Objection to Order Denying Motion for Appointment of Counsel

Mr. Braulick has filed an objection pursuant to Rule 72 of the Federal Rules of Civil Procedure objecting to this Court's Order denying his motion for appointment of counsel. (Doc. 28.) The parties however, consented to having the undersigned conduct all further proceedings, enter judgment, and conduct all post-trial proceedings in the above-captioned matter. (Notice of Assignment to United States Magistrate Judge, Doc. 20.) As such, Mr. Braulick cannot object pursuant to Rule 72. The Court will however, construe the filing as a motion for reconsideration of the Order denying Mr. Braulick's motion for appointment of counsel.

Local Rule 7.3 provides as follows:

(b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration may seek reconsideration only of an interlocutory order, must be limited to 2,275 words or, for pro se litigants, seven pages, and must specify why it meets at least one of the following:
- (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and
  - (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
- (2) new material facts arose or a change of law occurred after entry of the order.

(c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration of an interlocutory order may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

Mr. Braulick does not establish that the facts or applicable law are materially different from the facts or law presented in his previous motion. He does not indicate that new material facts emerged after entry of the Court's order denying his request for counsel. Instead, Mr. Braulick admits he has more access to the legal library but argues that the Court underestimated his health issues presented in his prior motion. He indicates that he had to amend his pleadings to change the name of CCA to CoreCivic since it changed its name and he has a

pending criminal case on appeal. He also disagrees with this Court's rulings regarding Counts I and II of the Complaint. (Doc. 28.)

Mr. Braulick is raising medical care claims but otherwise the legal and/or factual issues are not so complex as to create exceptional circumstances justifying a request for counsel. Mr. Braulick has still not demonstrated a likelihood of success on the merits or that he is incapable of articulating his claims pro se. The Court will not reconsider the denial of the request for the appointment of counsel at this time. Mr. Braulick has not made a showing of exceptional circumstances and he has demonstrated that he is capable of articulating his claims pro se despite his medical condition. The motion will be denied without prejudice.

**IV. Motion to File an Amended Complaint**

Mr. Braulick originally named Corrections Corporation of America as a Defendant. (Doc. 2.) Defendants' Answer, however indicates that the entity formerly known as Corrections Corporation of America no longer exists and is currently known as CoreCivic. (Answer, Doc. 15 at 2.) In his motion to file an amended complaint, Mr. Braulick asks that the Court mail him back a copy of his original complaint so that he can replace C.C.A. with CoreCivic. (Doc. 30 at 1.) As the case style reflects, CoreCivic will be substituted for Defendant Corrections Corporation of America. As such, there is no need to file an amended complaint.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Mr. Braulick's "Order to Show Cause for an Examination by an Outside Specialist" (Doc. 24) is DENIED.

2. Mr. Braulick's "Motion to Clarify what He's Suppose to Do" (Doc. 25) is GRANTED regarding the issues addressed in this Order.

3. Mr. Braulick's "Motion to Object to Order Denying Plaintiff Appointment of Counsel" (Doc. 28) as construed as a motion for reconsideration is DENIED.

4. Mr. Braulick's "Motion to Request an Extension of Time" (Doc. 29) is DENIED.

5. Mr. Braulick's Motion for Leave to File an Amended Complaint (Doc. 30) is GRANTED to the extent that it sees to substitute CoreCivic for Defendant Corrections Corporation of America. The Clerk of Court is directed to have the docket reflect that CoreCivic f/n/a Corrections Corporation of America is substituted for Corrections Corporation of America.

6. At all times during the pendency of this action, Mr. Braulick must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 15th day of October, 2018.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge